IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBORAH LAVERNE[1],

    Plaintiff,

v.                                   Civil Action No. WDQ-11-1921

MICHAEL ASTRUE
and SSA NOTIFY,

    Defendants.

\*\*\*

## MEMORANDUM

This case was filed on July 11, 2011, with a Motion to Proceed in Forma Pauperis. ECF No. 2. Because the Plaintiff appears to be indigent, her motion will be granted.

The Complaint alleges that Plaintiff has been improperly denied social security benefits for reasons that are unclear. The Complaint contains allegations against Defendant Astrue of criminal conduct including assault and battery, stalking and rape. It is a largely incoherent document. It does not state, for example, whether Plaintiff's social security benefits have been terminated or decreased. More importantly, it does not state whether the Plaintiff has exhausted her administrative remedies.

The Complaint does not comply with Federal Rule of Civil Procedure Rule 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) which requires that each averment of a pleading be "simple, concise, and direct." A pleading "does not have to set out in detail the facts on which the claim for relief is based," 2 Moore's Federal Practice ¶ 8.04[1], at 8-22 (3d ed.2002), but must give the court and the defendant "fair notice of what that plaintiff's claim is and the grounds upon which it rests."

---

[1] Plaintiff also lists Travis Thompson and Rice Houtchens as other names by which she is known. ECF No. 1. The two aliases are listed as separate Plaintiffs on the docket sheet.

*Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988). This Complaint is neither a "short and plain statement," nor is it "concise and direct," and the confusing narrative and legal conclusions render it virtually incomprehensible. The Complaint does not provide Defendants "fair notice" of the claims and facts upon which they are based. Because the Complaint does not comply with Rule 8, it will be dismissed.

7/28/11
Date

William D. Quarles, Jr.
United States District Judge